*FILED*
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

OCT 2 3 2006

DAVID J. MALAND, CLERK
BY
DEPUTY _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| INTERNATIONAL BUSINESS<br>MACHINES CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. _606CV 452_ |
| | ) | |
| v. | ) | |
| | ) | |
| AMAZON.COM, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff International Business Machines Corporation ("IBM"), for its Original

Complaint for Patent Infringement against Defendant Amazon.com, Inc. ("Amazon"), alleges as

follows:

### INTRODUCTION

1.      IBM is a world leader in technology and innovation.  IBM spends billions of

dollars each year on research and development, and these efforts have resulted in the issuance of

more than 40,000 patents worldwide.  Patents enjoy the same fundamental protections as real

property.  IBM, like any property owner, is entitled to insist that others respect its property and to

demand payment from those who take IBM's property for their own use.  Despite this

rudimentary principle, Amazon has built its business model on the use of IBM's patents,

knowing its business was covered by and infringing IBM's patents.  Amazon, moreover, has

ignored IBM's repeated demands that Amazon either pay for the use of IBM's property or stop

taking the property for Amazon's own use.  Indeed, after four years of stonewalling, Amazon's

intent is clear—Amazon would rather take IBM's property unlawfully than pay for its use.  This

lawsuit seeks to stop Amazon's taking of IBM's property without payment.

## NATURE OF THE CASE

2.      This action arises under 35 U.S.C. § 271 for Amazon's infringement of one or

more of IBM's United States Patent Nos. 5,319,542; and 5,446,891 (collectively, the "Patents in

Suit").

## THE PARTIES

3.      Plaintiff IBM is a New York corporation, with its principal place of business at

New Orchard Road, Armonk, New York 10504.

4.      Defendant Amazon.com, Inc. is a Delaware corporation with its principal place of

business at 1200 12th Avenue, Suite 1200, Seattle, Washington 98144. Amazon does business

through the Web site www.amazon.com. Amazon may be served through its registered agent for

service, CT Corporation System, 350 North St. Paul St., Dallas, TX 75201.

## JURISDICTION AND VENUE

5.      This action arises under the patent laws of the United States, Title 35, United

States Code. The jurisdiction of this Court over the subject matter of this action is proper under

28 U.S.C. §§ 1331 and 1338(a).

6.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and

1400(b).

7.      Personal jurisdiction exists over Amazon because it does business in Texas and in

this District, and infringement has occurred and continues to occur in Texas and in this District.

## FACTUAL BACKGROUND

**A.      IBM Is A Recognized Innovator**

8.      IBM is recognized throughout the world as a pioneer in many aspects of science

and technology. On eight occasions, more times than any other company or organization, IBM

has been awarded the U.S. National Medal of Technology, the nation's highest award for

technological innovation. During IBM's near 100-year history, IBM's employees have included five Nobel laureates, five national Medal of Science recipients, and at least nine inventors in the National Inventors Hall of Fame.

9.     These and other IBM employees have introduced the world to technology that the global community takes for granted today, including the dynamic random access memory—DRAMs—found in nearly all modern computers; magnetic disk storage—hard disk drives—found in computers and portable music players; and some of the world's most powerful supercomputers, including Deep Blue, the first computer to beat a reigning chess champion and which is on display at the Smithsonian's National Museum of American History in Washington, D.C. IBM's commitment to developing these types of advanced computing technologies has helped to usher in the information age and create the e-business revolution.

**B.     IBM Is Committed To Protecting Its Innovations Through the Patent System.**

10.     IBM's research and development operations differentiate IBM from many other companies. IBM annually spends billions of dollars for research and development. In addition to yielding inventions that have literally changed the way in which the world works, IBM's research and development efforts have resulted in more than 40,000 patents worldwide. For over a decade the United States Patent and Trademark Office has issued more patents to IBM than to any other company in the world.

11.     Like the research upon which the patents are based, IBM's patents also benefit society. Indeed, the Supreme Court has recognized that the patent system encourages both the creation and the disclosure of new and useful advances in technology. Such disclosure, in turn, permits society to innovate further. And, as the Court has further recognized, as a reward for committing resources to innovation and for disclosing that innovation, the patent system

provides patent owners with the exclusive right to prevent others from practicing the claimed invention for a limited period of time.

**C.**  **IBM Routinely Licenses Its Patents In Many Fields, But Will Enforce Its Rights Against Those Who Take Its Property Unlawfully**

12.    IBM's commitment to creating a large patent portfolio underscores the value that IBM places in the exchange of innovation, and disclosure of that innovation, in return for limited exclusivity.  Indeed, IBM has used its patent portfolio to generate revenue and other significant value for the company by executing patent cross-license agreements.  The revenue generated through patent licensing enables IBM to continue to commit resources to innovation.  Cross-licensing, in turn, provides IBM with the freedom to innovate and operate in a manner that respects the technology of others.

13.    Given the investment IBM makes in the development of new technologies and the management of its patent portfolio, IBM and its shareholders expect companies to act responsibly with respect to IBM's patents.  IBM facilitates this by routinely licensing its patents in many fields and by working with companies that wish to use IBM's technology in those fields in which IBM grants licenses.  When a company takes IBM's property and refuses to pay IBM for the use of its property, IBM has no choice but to seek judicial assistance.

**D.**  **Amazon Has Built Its Business By Infringing IBM's Patents.**

14.    Amazon is well known as an online retailer and provider of e-commerce solutions and services to other businesses.  Amazon has grown rapidly and is now a Fortune 500 company, with billions of dollars in revenues each year.

15.    Rather than build its business on its own technologies, Amazon has relied on IBM's innovations, unlawfully taking and using them for its business.  For example, in the early 1990's, IBM developers recognized that, with electronic commerce, opportunities existed to

provide customers with recommendations based on user characteristics and to provide ways for

the customers to access such recommendations. Additionally, in the 1980's, IBM engineers

developed technology that sought to automate procurement procedures; as a result, IBM received

a patent pertaining to enabling electronic ordering of goods from an electronic catalog.

16.     For the past four years, IBM has patiently tried to work with Amazon in an effort

to secure a licensing agreement. IBM made repeated trips to Amazon's facilities and presented

detailed examples to Amazon of its infringement of IBM's patents.

17.     While pretending to desire resolution, Amazon has refused to engage in any

meaningful discussion on the merits, resorting instead to foot-dragging, posturing and non-

responsive excuses. Throughout, Amazon has continued willfully to infringe IBM's patents so

as to obtain the significant benefits of IBM's innovations without paying any compensation to

IBM.

18.     Because IBM's four-year struggle to negotiate a licensing agreement that would

remedy Amazon's unlawful conduct has failed, IBM has been forced to seek relief through

litigation. Among other relief sought, IBM is entitled to royalties on the billions of dollars in

revenue that Amazon has received based on its unlawful infringement of IBM's patented

technology.

**E.     Specifically, Amazon Has Willfully Infringed The Following Two IBM Patents.**

**(i)     United States Patent No. 5,319,542**

19.     United States Patent No. 5,319,542, entitled "System for Ordering Items Using an

Electronic Catalog" ("the '542 patent"), generally teaches and claims an electronic catalog

requisition system having catalogs of items offered by suppliers stored on a central catalog

database system, as well as a method for retrieving information relating to items offered by

suppliers and electronically ordering items from suppliers. As exemplified by the specification

and claims, the '542 patent teaches steps for searching the catalog database for information on a customer-selected item, where the catalog database resides on a public computer. Information on the customer selected item is downloaded to a Customer/Requestor computer system. The illustrated steps further describe creating an electronic requisition using the Customer/Requestor computer system and transmitting the electronic requisition to a supplier computer system.

20.     Amazon has infringed and continues to infringe, in this district and elsewhere, on IBM's rights in the '542 patent. For example, Amazon uses and offers the system and performs the method taught and claimed by the '542 patent, by among other activities, providing an electronic catalog requisition system having a central catalog database residing on a public computer system, enabling searching of the catalog database for information, downloading information to a Customer/Requestor computer system, creating an electronic requisition using the Customer/Requestor computer system and transmitting the electronic requisition to a supplier computer system.

(ii)     **United States Patent No. 5,446,891**

21.     United States Patent No. 5,446,891, entitled "System for Adjusting Hypertext Links with Weighed User Goals and Activities" ("the '891 patent"), generally teaches and claims a computer-implemented hypertext system as well as a method for operating a computer-implemented object-oriented hypertext system. For example, as described by the specification and the claims, the '891 patent teaches a computer-implemented hypertext system that comprises display and keyboard means, as well as a memory means for storing a plurality of data objects that include user goal objects and text panel objects that are organized to form at least one hypertext object. As further illustrated by the '891 patent, the computer-implemented hypertext system also includes a profile storage means for storing at least one link profile associated with a

specific set of one or more users and containing a plurality of link vectors containing a plurality of numerical link-weights representing an associated user activity relationship between two data objects. Additionally, the '891 patent teaches that the computer-implemented hypertext system includes an advisor means for creating an ordered list of one or more data objects responsive to user input activity, where the list is ordered in accordance with the relative values of the numerical link-weights representing user input activity.

22.     Amazon has infringed and continues to infringe, in this district and elsewhere, on IBM's rights in the '891 patent. For example, Amazon utilizes the system taught and claimed by the '891 patent, by among other activities, using and offering a computer-implemented hypertext system that includes, at least, display means, keyboard means, memory means, profile storage means and advisor means.

## COUNT ONE

## INFRINGEMENT OF THE '542 PATENT

23.     IBM is the owner of all right, title and interest in the '542 patent. The '542 patent was duly and properly issued by the United States Patent and Trademark Office ("USPTO") on June 7, 1994. The '542 patent was duly assigned to IBM. A copy of the '542 patent is attached hereto as Exhibit A.

24.     In violation of 35 U.S.C. § 271, Amazon has infringed and continues to infringe, in this district and elsewhere, the '542 patent by: (a) making, using, offering for sale or selling within the United States, or by importing into the United States, products or processes that practice inventions claimed in this patent; (b) inducing others to make, use, offer for sale or sell within the United States, or import into the United States, products or processes that practice inventions claimed in this patent; and/or (c) contributing to the making, using, offering for sale

or selling within the United States, or importing into the United States, products or processes that practice inventions claimed in this patent.

25.     IBM has been damaged by the infringement of its '542 patent by Amazon and will continue to be damaged by such infringement.  IBM is entitled to recover from Amazon the damages sustained by IBM as a result of Amazon's wrongful acts.

26.     The continued infringement by Amazon of the '542 patent is deliberate and willful, entitling IBM to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

27.     IBM has suffered and continues to suffer irreparable harm, for which there is no adequate remedy at law, and will continue to do so unless Amazon is enjoined therefrom by this Court.

**COUNT TWO**

**INFRINGEMENT OF THE '891 PATENT**

28.     IBM is the owner of all right, title and interest in the '891 patent.  The '891 patent was duly and properly issued by the USPTO on August 29, 1995.  The '891 patent was duly assigned to IBM.  A copy of the '891 patent is attached hereto as Exhibit B.

29.     In violation of 35 U.S.C. § 271, Amazon has infringed and continues to infringe, in this district and elsewhere, the '891 patent by:  (a) making, using, offering for sale or selling within the United States, or by importing into the United States, products or processes that practice inventions claimed in this patent; (b) inducing others to make, use, offer for sale or sell within the United States, or import into the United States, products or processes that practice inventions claimed in this patent; and/or (c) contributing to the making, using, offering for sale or selling within the United States, or importing into the United States, products or processes that practice inventions claimed in this patent.

30.     IBM has been damaged by the infringement of its '891 patent by Amazon and will continue to be damaged by such infringement. IBM is entitled to recover from Amazon the damages sustained by IBM as a result of Amazon's wrongful acts.

31.     The continued infringement by Amazon of the '891 patent is deliberate and willful, entitling IBM to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

32.     IBM has suffered and continues to suffer irreparable harm, for which there is no adequate remedy at law, and will continue to do so unless Amazon is enjoined therefrom by this Court.

## RELIEF REQUESTED

Wherefore, Plaintiff IBM respectfully requests that this Court enter judgment against Defendant Amazon as follows:

A.     That each of the Patents in Suit is valid and enforceable;

B.     That each of the Patents in Suit has been infringed by Amazon;

C.     That infringement of the Patents in Suit by Amazon has been willful;

D.     An injunction against further infringement of the Patents in Suit by Amazon;

E.     An award of damages adequate to compensate IBM for the patent infringement that has occurred, together with pre-judgment interest and costs;

F.     An award of all other damages permitted by 35 U.S.C. § 284, including increased damages up to three times the amount of compensatory damages found;

G.     That this is an exceptional case and an award to IBM of its costs and reasonable attorneys' fees incurred in this action as provided by 35 U.S.C. § 285; and

H.     Such other relief as this Court deems just and proper.

Respectfully submitted,

Terence M. Murphy
Lead Attorney
State Bar No. 14707000
tmmurphy@jonesday.com
Mark N. Reiter
State Bar No. 16759900
mnreiter@jonesday.com
Hilda C. Galvan
State Bar No. 00787512
hcgalvan@jonesday.com
JONES DAY
2727 North Harwood Street
Dallas, Texas  75201
Telephone:  214-220-3939
Facsimile:  214-9695100

David L. Witcoff
Illinois State Bar No. 6183629
dlwitcoff@jonesday.com
JONES DAY
77 West Wacker
Chicago, Illinois  60601-1692
Telephone:  312-782-3939
Facsimile:  312-782-8585

ATTORNEYS FOR PLAINTIFF
INTERNATIONAL BUSINESS
MACHINES CORPORATION

October 23, 2006