IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 6:06-CV-452-LED |
| AMAZON.COM, INC., | § § | JURY TRIAL REQUESTED |
| Defendant. | § § | |
| AMAZON.COM, INC. | § § | |
| Counterclaim-Plaintiff, | § § | |
| v. | § § | |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | § § § | |
| Counterclaim-Defendant. | § | |

## ANSWER AND COUNTERCLAIMS OF AMAZON.COM, INC.

Defendant and Counterclaim-Plaintiff Amazon.com, Inc. ("Amazon.com"), by and through undersigned counsel, hereby provides an Answer and Counterclaims to the Complaint of Plaintiff International Business Machines Corporation ("IBM").

**PRELIMINARY STATEMENT**

IBM's Complaint—similar to the related one filed on the same day in the same district before a different Judge—is both meritless and misleading. While IBM tries to cloak its rhetoric in the legitimacy of the patent laws, there is nothing legitimate about IBM's purported claims.

IBM has accused Amazon.com of infringing two patents that issued in the mid-1990s and, in the related lawsuit filed by IBM in this district, asserts three patents that were not even developed at IBM, but rather were bought from a now-defunct company for the apparent purpose of threatening other companies with litigation like this to extract licensing payments. IBM's broad allegations of infringement amount to a claim that IBM invented the Internet. If IBM's claims are believed, then not only must Amazon.com pay IBM, but everyone conducting electronic commerce over the World Wide Web (indeed, every website and potentially everyone who uses a Web browser to surf the Web) must pay IBM a toll for the right to do so. But this theory of infringement is nonsense, and Amazon.com will not allow IBM to use its patents improperly to tax the Internet and the millions of companies and individuals who use it every day.

IBM begins with the assertion that "Amazon has built its business model on the use of IBM's patents," a statement that has no basis in fact. Amazon.com is a pioneer of Internet retailing and has built one of the world's largest and most innovative Internet websites on technology that Amazon.com invented—not from anything having to do with IBM. Jeffrey P. Bezos, Amazon.com's Chief Executive Officer, founded Amazon.com in 1994 in his Seattle, Washington garage. Since that modest beginning, Amazon.com has invested hundreds of millions of dollars to develop its own proprietary technologies that have been key in implementing numerous features that simplify and improve the online shopping experience for Amazon.com's

customers. Today, just twelve years from inception, Amazon.com is one of the largest retail operations on the World Wide Web, with over 61 million active customer accounts, more than one million active seller accounts, and over ten million square feet of facilities, as well as sales of nearly $10 billion per year. Amazon.com has fundamentally changed the way consumers shop for merchandise, and "Amazon.com" is now a household name synonymous for Internet retail.

Amazon.com has been widely recognized for its innovation and pioneering technology. In 1999, for example, *Time Magazine* named Jeffrey Bezos its "Person of the Year," and today he is widely credited with anticipating and pioneering online retailing. As *Time Magazine* observed:

> Bezos' vision of the online retailing universe was so complete, his Amazon.com site so elegant and appealing, that it became from Day One the point of reference for anyone who had anything to sell online. . . . It is a site that is alive with uncounted species of insight, innovation and intellect. No one predicted that electronic shopping could possibly feel this alive. If it is a sign of an e-world yet to come, a place in which technology allows all of us to shop, communicate and live closer together, then Jeff Bezos has done more than construct an online mall. He's helped build the foundation of our future.

Amazon.com has also been recognized with numerous customer service awards including top honors in the National Retail Federation (NRF)/American Express Customer Service Survey and The American Customer Satisfaction Index (ACSI). For example, NRF recently awarded Amazon.com NRF's 2006 "Customer's Choice" award. NRF presents this award to the retailer that customers ranked number one for delivering the best customer service in the United States. Also, in 2006, Amazon.com shared the highest score of any retailer or service provider in the ACSI—a leading indicator of customer satisfaction of U.S. consumers—an honor that Amazon.com also earned each year from 2000 to 2004. Amazon.com's innovations also have been recognized by the United States Patent and Trademark Office ("Patent Office") with the

award of numerous patents directed to Amazon.com's cutting-edge retailing and Internet technologies, including those at issue here.

By contrast, these lawsuits by IBM represent a belated attempt to tap into this dynamic new industry by an old company built on business principles and innovations of the past. To be sure, in the past, IBM made significant contributions in certain technology areas, but IBM has never been seriously recognized for providing the nimble, fast-paced developments and services needed to offer innovative e-commerce and other business solutions to customers over the Internet.

In the end, IBM does not attempt to disguise its intent in filing these lawsuits: IBM simply wants to siphon off the profits that Amazon.com has only recently earned through the professional risks and human efforts, ingenuity, and investment expended by Amazon.com as it charted a new path in the Internet age. Indeed, despite IBM's purported actions to "routinely license" others, IBM did not even approach Amazon.com in the 1990s, when its patents issued and Amazon.com's website became popular. Instead, IBM sat back for seven years while Amazon.com innovated and built its business, waiting until 2002—after Amazon.com announced its first profitable quarter—before demanding money from Amazon.com and making its specious claims of infringement.

Moreover, IBM disingenuously mischaracterizes what happened when it finally did contact Amazon.com. Although IBM complains of years of delay during which IBM allegedly had to exhibit "patience" as it endured its "struggle to negotiate," Amazon.com actually demonstrated to IBM long ago that its claims are meritless. Amazon.com has a long history of respecting the intellectual property rights of others and—while Amazon.com always is willing to

negotiate legitimate disputes in good faith—it will not pay for a license to patents it does not use, does not need, and that do not have any application to its business, which is the case here.  Nor will Amazon.com pay for a license to patents, such as those asserted in these cases, that are not valid and not enforceable.  By way of example only, IBM appears to have engaged in deceptive tactics to obtain at least some of the patents it asserts in these lawsuits by concealing prior art from the Patent Office.  When articles containing the prior art were found independently by the Judges on the Patent Office's Board of Appeals, the Judges chided IBM for its failures and requested additional information.  However, IBM never provided that additional information.  Instead, IBM fired the patent attorney handling the matter and instructed new counsel to try to strike the negative comments from the record, which the Board of Appeals refused to do.  There was no "foot-dragging" by Amazon.com—IBM was told years ago that its patents were not infringed and not valid and that a license was wholly unnecessary.

While Amazon.com does not require a license here, the same is not true for IBM.  IBM has sold many of its businesses that have historically contributed to its success (such as, for example, its personal computer business), but IBM more recently has sought to follow the lead of Amazon.com and other innovative Web companies by expanding its offerings into Internet technologies.  In doing so, IBM has relied on Amazon.com's innovations without regard for Amazon.com's patent rights.  IBM, for example, sells services and products to customers seeking a presence on the Web, including a product offering it refers to as WebSphere, that employs Amazon.com's patented technology.  As another example, IBM sells information management services and products that also employ Amazon.com's patented technology.  IBM—and IBM's customers who deploy such services and products—infringe Amazon.com's patents.  IBM has

chosen to infringe Amazon.com's patents willfully and to obtain the commercial benefits of Amazon.com's technology without authorization or compensation to Amazon.com. Thus, contrary to the depiction in IBM's complaints, it is actually IBM that is using Amazon.com's technology without permission, not vice versa. Before describing IBM's unlawful activities in more detail, we first address IBM's Complaint.

## ANSWER

To the extent that the various headings in IBM's complaint are intended to constitute allegations, Amazon.com denies them.

## INTRODUCTION

1.  Amazon.com denies the allegations in paragraph 1 of the Complaint.

## NATURE OF THE CASE

2.  Amazon.com admits that this action purports to be an action for patent infringement arising under the laws of the United States, Title 35, United States Code, Section 271. Amazon.com denies that has infringed or is infringing any valid or enforceable patent. Except as admitted, Amazon.com denies the allegations of paragraph 2 of the Complaint.

## THE PARTIES

3.  On information and belief, Amazon.com admits that IBM is a New York corporation with its principal place of business at New Orchard Road, Armonk, New York 10504.

4.  Amazon.com admits that it is a Delaware corporation with its principal place of business at 1200 12th Avenue, Suite 1200, Seattle, Washington 98144. Amazon.com admits that its does business through the website found at the Uniform Resource Locator (URL)

"www.amazon.com." Except as admitted, Amazon.com denies the allegations of paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. Amazon.com admits that this action purports to be an action for patent infringement arising under the laws of the United States, Title 35, United States Code, Section 271. Except as admitted, Amazon.com denies the allegations of paragraph 5 of the Complaint.

6. Amazon.com admits that venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) & (c) and 1400(b). However, IBM has filed related actions in two separate divisions of this district and these cases should be consolidated in a single court before one judge for a single trial as set forth in more detail in Amazon.com's Motion for Intra-District Transfer filed in the other related action.

7. Amazon.com admits that personal jurisdiction exists in the Eastern District of Texas. Except as admitted, Amazon.com denies the allegations of paragraph 7 of the Complaint.

## FACTUAL BACKGROUND

8. Amazon.com denies the allegations of paragraph 8.

9. Amazon.com denies the allegations of paragraph 9.

10. Amazon.com is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint and therefore denies each and every such allegation.

11. Amazon.com denies the allegations of paragraph 11.

12. Amazon.com is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint and therefore denies each and every such allegation.

13. Amazon.com is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint and therefore denies each and every such allegation.

14. Amazon.com admits the allegations of paragraph 14 of the Complaint.

15. Amazon.com built its business on its own innovations and technologies. Amazon.com therefore denies the allegations of paragraph 15.

16. Amazon.com admits that it has worked with IBM to address the meritless patent assertions made by IBM. Amazon.com denies the remaining allegations of paragraph 16 of the Complaint.

17. Amazon.com denies the allegations of paragraph 17.

18. Amazon.com denies the allegations of paragraph 18.

19. Amazon.com admits that U.S. Patent No. 5,319,542 ("the '542 patent"), on its face, is entitled "System for Ordering Items Using an Electronic Catalog." IBM's attempts to further construe, summarize or characterize the patent do not require a response. To the extent paragraph 19 is deemed to contain any allegations of fact other than that admitted above, Amazon.com denies those allegations.

20. Amazon.com denies the allegations of paragraph 20 of the Complaint.

21. Amazon.com admits that U.S. Patent No. 5,446,891 ("the '891 patent"), on its face, is entitled "System for Adjusting Hypertext Links with Weighed User Goals and Activities."

IBM's attempts to further construe, summarize or characterize the patent do not require a response. To the extent paragraph 21 is deemed to contain any allegations of fact other than that admitted above, Amazon.com denies those allegations.

22. Amazon.com denies the allegations of paragraph 22 of the Complaint.

**COUNT ONE**
**(U.S. Patent No. 5,319,542)**

23. Amazon.com admits that the '542 patent, on its face, states that it was issued on June 7, 1994 and lists IBM as the assignee but denies that the '542 patent was "duly and properly issued." Amazon.com further admits that what purports to be a copy of the '542 patent is appended to the Complaint as Exhibit A. Except as so admitted, Amazon.com is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 of the Complaint and therefore denies each and every such allegation.

24. Amazon.com denies the allegations of paragraph 24 of the Complaint.

25. Amazon.com denies the allegations of paragraph 25 of the Complaint.

26. Amazon.com denies the allegations of paragraph 26 of the Complaint.

27. Amazon.com denies the allegations of paragraph 27 of the Complaint.

**COUNT TWO**
**(U.S. Patent No. 5,446,891)**

28. Amazon.com admits that the '891 patent, on its face, states that it was issued on August 29, 1995 and lists IBM as the assignee but denies that the '891 patent was "duly and properly issued." Amazon.com further admits that what purports to be a copy of the '891 patent is appended to the Complaint as Exhibit B. Except as so admitted, Amazon.com is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28 of the Complaint and therefore denies each and every such allegation.

29. Amazon.com denies the allegations of paragraph 29 of the Complaint.

30. Amazon.com denies the allegations of paragraph 30 of the Complaint.

31. Amazon.com denies the allegations of paragraph 31 of the Complaint.

32. Amazon.com denies the allegations of paragraph 32 of the Complaint.

## RELIEF REQUESTED

33. Amazon.com denies that IBM is entitled to judgment in its favor, or any relief whatsoever.

## ADDITIONAL DEFENSES

In addition to the defenses described below, Amazon.com expressly reserves the right to allege additional defenses as they become known through the course of discovery or otherwise.

## FIRST ADDITIONAL DEFENSE

34. Amazon has not directly infringed, indirectly infringed, contributed to or induced infringement of any valid or enforceable claim of the '542 patent and the '891 patent (collectively the "IBM patents-in-suit"), and has not otherwise committed any act in violation of 35 U.S.C. § 271.

## SECOND ADDITIONAL DEFENSE

35. The IBM patents-in-suit are invalid because they fail to comply with one or more of the statutory requirements of patentability specified by Title 35 U.S.C. § 101 et. seq., including, without limitation 35 U.S.C. §§ 102, 103, and 112.

### THIRD ADDITIONAL DEFENSE

36. IBM's claims against Amazon.com are barred based on prior licenses and agreements to which IBM is a party and under the doctrines of patent exhaustion and implied license.

### FOURTH ADDITIONAL DEFENSE

37. IBM is barred from enforcing the patents-in-suit against Amazon.com because of patent misuse resulting from, among other things, IBM's assertion of the patents-in-suit against Amazon.com while knowing the acts alleged of infringement are licensed, expressly and impliedly, and/or that such acts are barred from suit.

### FIFTH ADDITIONAL DEFENSE

38. The relief sought by IBM is barred in whole or in part by the doctrine of laches.

### SIXTH ADDITIONAL DEFENSE

39. The claims brought by IBM are barred in whole or in part by delay in prosecuting the patent applications resulting in the patents-in-suit.

### SEVENTH ADDITIONAL DEFENSE

40. The relief sought by IBM is barred in whole or in part by the doctrine of unclean hands and/or patent misuse.

### EIGHTH ADDITIONAL DEFENSE

41. By reason of the prosecution before the United States Patent and Trademark Office ("Patent Office") leading to the patents-in-suit, and by reason of admissions made by or on

behalf of the applicant for these patents, IBM is estopped from claiming infringement by Amazon.com of one or more of the claims of such patents.

## NINTH ADDITIONAL DEFENSE

42. IBM is equitably estopped from pursuing claims under the patents-in-suit.

## TENTH ADDITIONAL DEFENSE

43. IBM's alleged remedies are limited due to failures to comply with 35 U.S.C. § 287.

## COUNTERCLAIMS OF AMAZON.COM

Defendant and Counterclaim-Plaintiff Amazon.com pleads the following counterclaims against Plaintiff and Counterclaim-Defendant IBM.

## THE PARTIES

44. Amazon.com, Inc. is a corporation organized and existing under the laws of Delaware, having its principal place of business at 1200 12th Avenue, Suite 1200, Seattle, Washington 98144.

45. IBM alleges that it is a corporation organized and existing under the laws of New York, having its principal place of business at New Orchard Road, Armonk, New York 10504.

## JURISDICTION AND VENUE

46. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action concerns a federal question relating to patents arising under Title 35 of the United States Code, and pursuant to 28 U.S.C. §§ 2201 and 2202 because this is a civil action for a declaratory judgment.

47. This Court has personal jurisdiction over IBM by virtue of its having submitted to the jurisdiction of this Court by filing the underlying lawsuit.

48. Venue is proper under 28 U.S.C. §§ 1391 and 1400.

## CLAIMS FOR RELIEF

## DECLARATORY JUDGMENT COUNTERCLAIMS

### FIRST DECLARATORY JUDGMENT COUNTERCLAIM
### (Noninfringement/Invalidity of U.S. Patent No. 5,319,542)

49. Amazon.com incorporates by reference the allegations of paragraphs 1-48 above as fully set forth herein.

50. Amazon.com has not directly infringed, indirectly infringed, contributed to or induced infringement of any valid or enforceable claim of the '542 patent, and has not otherwise committed any acts in violation of 35 U.S.C. § 271.

51. The '542 patent is invalid for failing to meet the conditions for patentability set forth at 35 U.S.C. § 101 et. seq., including, without limitation 35 U.S.C. §§ 102, 103, and/or 112.

52. An actual controversy exists between Amazon.com and IBM concerning the alleged infringement and validity of the '542 patent by virtue of IBM's allegation of infringement

53. Amazon.com is entitled to judgment from this Court that the '542 patent is not infringed by Amazon.com and invalid.

54. This is an exceptional case entitling Amazon.com to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## SECOND DECLARATORY JUDGMENT COUNTERCLAIM
### (Noninfringement/Invalidity of U.S. Patent No. 5,446,891)

55. Amazon.com incorporates by reference the allegations of paragraphs 1-54 above as fully set forth herein.

56. Amazon.com has not directly infringed, indirectly infringed, contributed to or induced infringement of any valid or enforceable claim of the '891 patent, and has not otherwise committed any acts in violation of 35 U.S.C. § 271.

57. The '891 patent is invalid for failing to meet the conditions for patentability set out at 35 U.S.C. § 101 et. seq., including, without limitation 35 U.S.C. §§ 102, 103, and/or 112.

58. An actual controversy exists between Amazon.com and IBM concerning the alleged infringement and validity of the '891 patent by virtue of IBM's allegation of infringement

59. Amazon.com is entitled to judgment from this Court that the '891 patent is not infringed by Amazon.com and invalid.

60. This is an exceptional case entitling Amazon.com to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### AMAZON.COM'S INFRINGEMENT COUNTERCLAIMS

61. These infringement counterclaims arise under 35 U.S.C. § 271 for IBM's infringement of Amazon.com's United States Patent Nos. 6,266,649; 6,912,505; and 7,113,917 (collectively the "Amazon.com patents-in-suit").

62. Amazon.com incorporates by reference the allegations of paragraphs 1-60 above as fully set forth herein.

## FIRST INFRINGEMENT COUNTERCLAIM
### (Infringement of U.S. Patent No. 6,266,649)

63. Counterclaim-Plaintiff Amazon.com is the owner of all right, title, and interest in U.S. Patent No. 6,266,649 ("the '649 patent") entitled "Collaborative Recommendations Using Item-to-Item Similarity Mappings," duly and properly issued by the Patent Office on July 24, 2001. A copy of the '649 patent is attached as Exhibit 1.

64. Counterclaim-Defendant IBM is directly infringing, contributing to the infringement of, or inducing others to infringe the '649 patent by making, using, offering to sell or selling in the United States, or importing into the United States, products or processes that practice inventions claimed in the '649 patent.

65. IBM has profited through infringement of the '649 patent. As a result of IBM's unlawful infringement of the '649 patent, Amazon.com has suffered and will continue to suffer damage. Amazon.com is entitled to recover from IBM the damages suffered by Amazon.com as a result of IBM's unlawful acts.

66. IBM's continued infringement of the '649 patent constitutes willful and deliberate infringement, entitling Amazon.com to enhanced damages and reasonable attorney fees and costs.

67. IBM intends to continue its unlawful infringing activity, and Amazon.com continues to and will continue to suffer irreparable harm—for which there is no adequate remedy at law—from such unlawful infringing activity unless IBM is enjoined by this Court.

## SECOND INFRINGEMENT COUNTERCLAIM
### (Infringement of U.S. Patent No. 6,912,505)

68. Counterclaim-Plaintiff Amazon.com is the owner of all right, title, and interest in U.S. Patent No. 6,912,505 ("the '505 patent") entitled "Use of Product Viewing Histories of Users to Identify Related Products," duly and properly issued by the Patent Office on June 28, 2005. A copy of the '505 patent is attached as Exhibit 2.

69. Counterclaim-Defendant IBM is directly infringing, contributing to the infringement of, or inducing others to infringe the '505 patent by making, using, offering to sell or selling in the United States, or importing into the United States, products or processes that practice inventions claimed in the '505 patent.

70. IBM has profited through infringement of the '505 patent. As a result of IBM's unlawful infringement of the '505 patent, Amazon.com has suffered and will continue to suffer damage. Amazon.com is entitled to recover from IBM the damages suffered by Amazon.com as a result of IBM's unlawful acts.

71. IBM's continued infringement of the '505 patent constitutes willful and deliberate infringement, entitling Amazon.com to enhanced damages and reasonable attorney fees and costs.

72. IBM intends to continue its unlawful infringing activity, and Amazon.com continues to and will continue to suffer irreparable harm—for which there is no adequate remedy at law—from such unlawful infringing activity unless IBM is enjoined by this Court.

## THIRD INFRINGEMENT COUNTERCLAIM
### (Infringement of U.S. Patent No. 7,113,917)

73. Counterclaim-Plaintiff Amazon.com is the owner of all right, title, and interest in U.S. Patent No. 7,113,917 ("the '917 patent") entitled "Personalized Recommendations of Items Represented Within a Database," duly and properly issued by the Patent Office on September 26, 2006. A copy of the '917 patent is attached as Exhibit 3.

74. Counterclaim-Defendant IBM is directly infringing, contributing to the infringement of, or inducing others to infringe the '917 patent by making, using, offering to sell or selling in the United States, or importing into the United States, products or processes that practice inventions claimed in the '917 patent.

75. IBM has profited through infringement of the '917 patent. As a result of IBM's unlawful infringement of the '917 patent, Amazon.com has suffered and will continue to suffer damage. Amazon.com is entitled to recover from IBM the damages suffered by Amazon.com as a result of IBM's unlawful acts.

76. IBM's continued infringement of the '917 patent constitutes willful and deliberate infringement, entitling Amazon.com to enhanced damages and reasonable attorney fees and costs.

77. IBM intends to continue its unlawful infringing activity, and Amazon.com continues to and will continue to suffer irreparable harm—for which there is no adequate remedy at law—from such unlawful infringing activity unless IBM is enjoined by this Court.

# **PRAYER FOR RELIEF**

WHEREFORE, Amazon.com prays for an Order and Judgment from this Honorable Court:

A. declaring that Amazon.com does not infringe any claim of the IBM patents-in-suit;

B. declaring that each and every claim of the IBM patents-in-suit is invalid;

C. declaring that the IBM patents-in-suit are unenforceable;

D. adjudging that IBM is not entitled to any injunctive relief sought by IBM;

E. adjudging that IBM has infringed each of the '649, '505, and '917 patents;

F. adjudging that IBM's infringement of the '649, '505, and '917 patents is willful;

G. enjoining IBM from further infringing the '649, '505, and '917 patents;

H. awarding Amazon.com damages adequate to compensate Amazon.com for IBM's patent infringement, along with pre-judgment interest and costs;

I. awarding Amazon.com all other damages permitted by 35 U.S.C. § 284, including enhanced damages up to three times the amount of compensatory damages awarded;

J. adjudging this case "exceptional" within the meaning of 35 U.S.C. § 285, entitling Amazon.com to an award of its reasonable attorneys' fees, expenses, costs; and

K. granting such other and further equitable or legal relief as the Court deems just and proper.

Dated: December 14, 2006                    Respectfully submitted,

                                            By: /s/ Michael J. McKeon

| | |
|---|---|
| T. John Ward, Jr. | Ruffin B. Cordell |
|    Texas Bar No. 00794818 |    Lead Attorney |
|    jw@jwfirm.com |    Texas Bar No. 04820550 |
| LAW OFFICE OF T. JOHN |    cordell@fr.com |
|    WARD, JR., P.C. | Michael J. McKeon (*admitted pro hac vice*) |
| 111 W. Tyler St. |    mckeon@fr.com |
| Longview, Texas 75601 | Brian R. Nester (*admitted pro hac vice*) |
| Telephone: 903-757-6400 |    nester@fr.com |
| Facsimile: 903-757-2323 | FISH & RICHARDSON P.C. |
| | 1425 K Street, N.W., Suite 1100 |
| M. Brett Johnson | Washington, D.C. 20005 |
|    Texas Bar No. 00790975 | Telephone: 202-783-5070 |
|    mbjohnson@fr.com | Facsimile: 202-783-2331 |
| R. Ritch Roberts III | |
|    Texas Bar No. 24041794 | |
|    rroberts@fr.com | |
| FISH & RICHARDSON P.C. | |
| 1717 Main Street, Suite 5000 | |
| Dallas, TX 75201 | |
| Telephone: 214-747-5070 | |
| Facsimile: 214-747-2091 | Counsel for Defendant and Counterclaim-Plaintiff Amazon.com, Inc. |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of December, 2006, I caused to be filed electronically the foregoing **ANSWER AND COUNTERCLAIMS OF AMAZON.COM, INC.** with the Clerk of the Court for the Eastern District of Texas using the ECF System which will send notification to the registered participants of the ECF System as listed in the Court's Notice of Electronic Filing.

/s/ Michael J. McKeon
Michael J. McKeon