# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 6:06-cv-452 |
| | ) | JURY |
| v. | ) ) | |
| AMAZON.COM, INC., AMAZON SERVICES LLC F/K/A AMAZON SERVICES, INC. D/B/A AMAZON ENTERPRISE SOLUTIONS AND AMAZON SERVICES BUSINESS SOLUTIONS, AMAZON.COM INT'L SALES, INC. D/B/A AMAZON.CO.JP, AMAZON EUROPEAN UNION S.À.R.L. D/B/A AMAZON.DE, AMAZON.FR AND AMAZON.CO.UK, AMAZON SERVICES EUROPE S.À.R.L. D/B/A AMAZON.DE, AMAZON.FR AND AMAZON.CO.UK, AMAZON.COM.CA, INC., A9.COM, INC., ALEXA INTERNET D/B/A ALEXA INTERNET, INC. AND ALEXA INTERNET CORP., INTERNET MOVIE DATABASE, INC., CUSTOMFLIX LABS, INC., MOBIPOCKET.COM SA, AMAZON.COM LLC D/B/A ENDLESS.COM, BOP, LLC D/B/A SHOPBOP.COM, AMAZON WEB SERVICES, LLC, AND AMAZON SERVICES CANADA, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff International Business Machines Corporation ("IBM"), for its First Amended

Complaint for Patent Infringement against Defendants Amazon.com, Inc., Amazon Services

LLC f/k/a Amazon Services, Inc. d/b/a Amazon Enterprise Solutions and Amazon Services

Business Solutions, Amazon.com Int'l Sales, Inc. d/b/a Amazon.co.jp, Amazon European Union

S.à.r.l. d/b/a Amazon.de, Amazon.fr and Amazon.co.uk, Amazon Services Europe S.à.r.l. d/b/a

Amazon.de, Amazon.fr and Amazon.co.uk, Amazon.com.ca, Inc., A9.com, Inc., Alexa Internet

d/b/a Alexa Internet, Inc. and Alexa Internet Corp., Internet Movie Database, Inc., CustomFlix

Labs, Inc., Mobipocket.com SA, Amazon.com LLC d/b/a Endless.com, BOP, LLC d/b/a

shopbop.com, Amazon Web Services, LLC, and Amazon Services Canada, Inc. (collectively,

"Amazon"), allege as follows:

## INTRODUCTION

1.      IBM is a world leader in technology and innovation.  IBM spends billions of

dollars each year on research and development, and these efforts have resulted in the issuance of

more than 40,000 patents worldwide.  Patents enjoy the same fundamental protections as real

property.  IBM, like any property owner, is entitled to insist that others respect its property and to

demand payment from those who take IBM's property for their own use.  Despite this

rudimentary principle, Amazon has built its business model on the use of IBM's patents,

knowing its business was covered by and infringing IBM's patents.  Amazon, moreover, has

ignored IBM's repeated demands that Amazon either pay for the use of IBM's property or stop

taking the property for Amazon's own use.  Indeed, after four years of stonewalling, Amazon's

intent is clear—Amazon would rather take IBM's property unlawfully than pay for its use.  This

lawsuit seeks to stop Amazon's taking of IBM's property without payment.

## NATURE OF THE CASE

2.      This action arises under 35 U.S.C. § 271 for Amazon's infringement of one or

more of IBM's United States Patent Nos. 5,319,542; and 5,446,891 (collectively, the "Patents in

Suit").

## THE PARTIES

3.      Plaintiff IBM is a New York corporation, with its principal place of business at New Orchard Road, Armonk, New York 10504.

4.      Defendant Amazon.com, Inc. ("Amazon.com") is a Delaware corporation with its principal place of business at 1200 12th Avenue, Suite 1200, Seattle, Washington 98144. Amazon.com does business through the Web site www.amazon.com.  Amazon.com may be served through its registered agent for service, CT Corporation System, 350 North St. Paul St., Dallas, TX 75201.

5.      Defendant Amazon Services LLC f/k/a Amazon Services, Inc. d/b/a Amazon Enterprise Solutions and Amazon Services Business Solutions ("Amazon Services") is a Nevada limited liability company with its principal place of business at 920 Incline Way, Suite C, Incline Village, Nevada 89451.  Amazon Services does business through WebStore Websites (such as www.blueproton.com) and by building and/or powering Web sites (such as www.nbastore.com).

6.      Defendant Amazon.com Int'l Sales, Inc. d/b/a Amazon.co.jp ("Amazon.com Int'l") is a Delaware corporation with its principal place of business at 1200 12th Avenue, Suite 1200, Seattle, Washington 98144.  Amazon.com Int'l does business through Web sites, including www.amazon.co.jp and www.amazon.jp.  Amazon.com Int'l may be served through CT Corporation System, 520 Pike Street, Seattle, Washington 98101.

7.      Defendant Amazon European Union S.à.r.l. d/b/a Amazon.de, Amazon.fr and Amazon.co.uk ("Amazon EU") is a private company with its principal place of business at 26 Boulevard Royal, L-2449 Luxembourg.  Amazon EU does business through the Web sites, including www.amazon.de, www.amazon.at, www.amazon.fr, and www.amazon.co.uk.

8.      Defendant Amazon Services Europe S.à.r.l. d/b/a Amazon.de, Amazon.fr and Amazon.co.uk ("Amazon Services Europe") is a private company with its principal place of

business at 26 Boulevard Royal, L-2449 Luxembourg.  Amazon Services Europe does business

through the Web sites, including www.amazon.de, www.amazon.at, www.amazon.fr, and

www.amazon.co.uk, and by building and/or powering Web sites (such as

www.benefitcosmetics.co.uk).

9.      Defendant Amazon.com.ca, Inc. ("Amazon.com.ca") is a Delaware corporation

with its principal place of business at 1200 12th Avenue, Suite 1200, Seattle, Washington 98144.

Amazon.com.ca does business through Web sites, including www.amazon.ca.  Amazon.com.ca

may be served through CT Corporation System, 520 Pike Street, Seattle, Washington 98101.

10.      Defendant A9.com, Inc. ("A9.com") is a Delaware corporation with its principal

place of business at 130 Lytton Ave., Suite 300, Palo Alto, California 94301.  A9.com does

business through Web sites, including www.a9.com.  A9.com may be served through CT

Corporation System, 818 West Seventh Street, Los Angeles, California 90017.

11.      Defendant Alexa Internet d/b/a Alexa Internet, Inc. and Alexa Internet Corp.

("Alexa") is a California corporation with its principal place of business at Graham St., Presidio

Bldg. 37, San Francisco, California 94129.  Alexa does business through Web sites, including

www.alexa.com.  Alexa may be served through CT Corporation System, 818 West Seventh

Street, Los Angeles, California 90017.

12.      Defendant Internet Movie Database, Inc. ("IMDb") is a Nevada corporation with

its principal place of business at 1200 12th Avenue, Suite 1200, Seattle, Washington 98144.

IMDb does business through Web sites, including www.imdb.com.  IMDb may be served

through the Corporation Trust Company of Nevada, 6100 Neil Road, Suite 500, Reno, Nevada

89511.

13.     Defendant CustomFlix Labs, Inc. ("CustomFlix") is a California corporation with its principal place of business at 140 Dubois Street, Suite A, Santa Cruz, California 95060. CustomFlix does business through Web sites, including www.customflix.com.  CustomFlix may be served through CT Corporation System, 818 West Seventh Street, Los Angeles, California 90017.

14.     Defendant Mobipocket.com SA ("Mobipocket") is a French company with its principal place of business at 164ter rue d'Aguesseau, 92100 Boulogne-Billancourt, France, RCS Paris B 429 836 810.  Mobipocket does business through Web sites, including www.mobipocket.com.

15.     Defendant Amazon.com LLC d/b/a Endless.com ("Endless.com") is a Delaware limited liability company with its principal place of business at 1200 12th Avenue, Suite 1200, Seattle, Washington 98144.  Endless.com does business through Web sites, including www.endless.com.

16.     Defendant BOP, LLC d/b/a shopbop.com ("Shopbop") is a Wisconsin limited liability company with its principal place of business at 101 E. Badger Road, Madison, Wisconsin 53713.  Shopbop does business through Web sites, including www.shopbop.com. Shopbop may be served through Robert J. Lamey, 101 E. Badger Road, Madison, Wisconsin 53713.

17.     Defendant Amazon Web Services, LLC ("AWS") is a Delaware limited liability company with its principal place of business at 1200 12th Avenue, Suite 1200, Seattle, Washington 98144.  AWS does business through Web sites, including www.askville.com, and through its Web Services.  AWS may be served through CT Corporation System, 520 Pike Street, Seattle, Washington 98101.

18.     Defendant Amazon Services Canada, Inc. ("Amazon Services Canada") is a

Nevada corporation with its principal place of business at 920 Incline Way, Suite C, Incline

Village, Nevada 89451.  Amazon Services Canada does business by building and/or powering

Web sites (such as www.sears.ca).  Amazon Services Canada may be served through the

Corporation Trust Company of Nevada, 6100 Neil Road, Suite 500, Reno, Nevada.

## JURISDICTION AND VENUE

19.     This action arises under the patent laws of the United States, Title 35, United

States Code.  The jurisdiction of this Court over the subject matter of this action is proper under

28 U.S.C. §§ 1331 and 1338(a).

20.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and

1400(b).

21.     Personal jurisdiction exists over each Defendant because each does business in

Texas and in this District, by at least offering for sale and selling products and services through

their Web sites, which are accessible in Texas and this District, and infringement has occurred

and continues to occur in Texas and in this District.

## FACTUAL BACKGROUND

A.      **IBM Is A Recognized Innovator**

22.     IBM is recognized throughout the world as a pioneer in many aspects of science

and technology.  On eight occasions, more times than any other company or organization, IBM

has been awarded the U.S. National Medal of Technology, the nation's highest award for

technological innovation.  During IBM's near 100-year history, IBM's employees have included

five Nobel laureates, five national Medal of Science recipients, and at least nine inventors in the

National Inventors Hall of Fame.

23.     These and other IBM employees have introduced the world to technology that the global community takes for granted today, including the dynamic random access memory—DRAMs—found in nearly all modern computers; magnetic disk storage—hard disk drives—found in computers and portable music players; and some of the world's most powerful supercomputers, including Deep Blue, the first computer to beat a reigning chess champion and which is on display at the Smithsonian's National Museum of American History in Washington, D.C.  IBM's commitment to developing these types of advanced computing technologies has helped to usher in the information age and create the e-business revolution.

**B.     IBM Is Committed To Protecting Its Innovations Through the Patent System.**

24.     IBM's research and development operations differentiate IBM from many other companies.  IBM annually spends billions of dollars for research and development.  In addition to yielding inventions that have literally changed the way in which the world works, IBM's research and development efforts have resulted in more than 40,000 patents worldwide.  For over a decade the United States Patent and Trademark Office ("USPTO") has issued more patents to IBM than to any other company in the world.

25.     Like the research upon which the patents are based, IBM's patents also benefit society.  Indeed, the Supreme Court has recognized that the patent system encourages both the creation and the disclosure of new and useful advances in technology.  Such disclosure, in turn, permits society to innovate further.  And, as the Court has further recognized, as a reward for committing resources to innovation and for disclosing that innovation, the patent system provides patent owners with the exclusive right to prevent others from practicing the claimed invention for a limited period of time.

### C.     IBM Routinely Licenses Its Patents In Many Fields, But Will Enforce Its Rights Against Those Who Take Its Property Unlawfully

26.     IBM's commitment to creating a large patent portfolio underscores the value that IBM places in the exchange of innovation, and disclosure of that innovation, in return for limited exclusivity.  Indeed, IBM has used its patent portfolio to generate revenue and other significant value for the company by executing patent cross-license agreements.  The revenue generated through patent licensing enables IBM to continue to commit resources to innovation.  Cross-licensing, in turn, provides IBM with the freedom to innovate and operate in a manner that respects the technology of others.

27.     Given the investment IBM makes in the development of new technologies and the management of its patent portfolio, IBM and its shareholders expect companies to act responsibly with respect to IBM's patents.  IBM facilitates this by routinely licensing its patents in many fields and by working with companies that wish to use IBM's technology in those fields in which IBM grants licenses.  When a company takes IBM's property and refuses to pay IBM for the use of its property, IBM has no choice but to seek judicial assistance.

### D.     Amazon Has Built Its Business By Infringing IBM's Patents.

28.     Amazon is well known as an online retailer and provider of e-commerce solutions and services to other businesses.  Amazon has grown rapidly and is now a Fortune 500 company, with billions of dollars in revenues each year.

29.     Rather than build its business on its own technologies, Amazon has relied on IBM's innovations, unlawfully taking and using them for its business.  For example, in the early 1990's, IBM developers recognized that, with electronic commerce, opportunities existed to provide customers with recommendations based on user characteristics and to provide ways for the customers to access such recommendations.  Additionally, in the 1980's, IBM engineers

developed technology that sought to automate procurement procedures; as a result, IBM received a patent pertaining to enabling electronic ordering of goods from an electronic catalog.

30.     For the past four years, IBM has patiently tried to work with Amazon (through its parent company, Amazon.com) in an effort to secure a licensing agreement.  IBM made repeated trips to Amazon's facilities and presented detailed examples to Amazon.com of its infringement of IBM's patents.

31.     While pretending to desire resolution, Amazon has refused to engage in any meaningful discussion on the merits, resorting instead to foot-dragging, posturing and non-responsive excuses.  Throughout, Amazon has continued willfully to infringe IBM's patents so as to obtain the significant benefits of IBM's innovations without paying any compensation to IBM.

32.     Because IBM's four-year struggle to negotiate a licensing agreement that would remedy Amazon's unlawful conduct has failed, IBM has been forced to seek relief through litigation.  Among other relief sought, IBM is entitled to royalties on the billions of dollars in revenue that Amazon has received based on its unlawful infringement of IBM's patented technology.

**E.**     **Specifically, Amazon Has Willfully Infringed The Following Two IBM Patents.**

        **(i)**     **United States Patent No. 5,319,542**

33.     United States Patent No. 5,319,542, entitled "System for Ordering Items Using an Electronic Catalog" ("'542 patent"), generally teaches and claims an electronic catalog requisition system having catalogs of items offered by suppliers stored on a central catalog database system, as well as a method for retrieving information relating to items offered by suppliers and electronically ordering items from suppliers.  As exemplified by the specification and claims, the '542 patent teaches steps for searching the catalog database for information on a

customer-selected item, where the catalog database resides on a public computer. Information

on the customer selected item is downloaded to a Customer/Requestor computer system. The

illustrated steps further describe creating an electronic requisition using the Customer/Requestor

computer system and transmitting the electronic requisition to a supplier computer system.

34.     Amazon.com, Amazon Services, Amazon.com Int'l, Amazon EU, Amazon

Services Europe, Amazon.com.ca, CustomFlix, Mobipocket, Endless.com, Shopbop, AWS, and

Amazon Services Canada (collectively, "Amazon King Defendants") have infringed and

continue to infringe, in this district and elsewhere, on IBM's rights in the '542 patent. For

example, Amazon King Defendants use the systems and/or perform the methods taught and

claimed by the '542 patent, by among other activities, providing an electronic catalog requisition

system having a central catalog database residing on a public computer system, enabling

searching of the catalog database for information, downloading information to a

Customer/Requestor computer system, creating an electronic requisition using the

Customer/Requestor computer system and transmitting the electronic requisition to a supplier

computer system.

### (ii)     United States Patent No. 5,446,891

35.     United States Patent No. 5,446,891, entitled "System for Adjusting Hypertext

Links with Weighed User Goals and Activities" ("'891 patent"), generally teaches and claims a

computer-implemented hypertext system as well as a method for operating a computer-

implemented object-oriented hypertext system. For example, as described by the specification

and the claims, the '891 patent teaches a computer-implemented hypertext system that comprises

display and keyboard means, as well as a memory means for storing a plurality of data objects

that include user goal objects and text panel objects that are organized to form at least one

hypertext object. As further illustrated by the '891 patent, the computer-implemented hypertext

system also includes a profile storage means for storing at least one link profile associated with a specific set of one or more users and containing a plurality of link vectors containing a plurality of numerical link-weights representing an associated user activity relationship between two data objects. Additionally, the '891 patent teaches that the computer-implemented hypertext system includes an advisor means for creating an ordered list of one or more data objects responsive to user input activity, where the list is ordered in accordance with the relative values of the numerical link-weights representing user input activity.

36. Amazon.com, Amazon Services, Amazon.com Int'l, Amazon EU, Amazon Services Europe, Amazon.com.ca, A9.com, Alexa, IMDb, CustomFlix, Mobipocket, Shopbop, AWS, Amazon Services Canada (collectively, "Amazon Kaplan Defendants") have infringed and continue to infringe, in this district and elsewhere, on IBM's rights in the '891 patent. For example, Amazon Kaplan Defendants utilize the system taught and claimed by the '891 patent, by among other activities, using and offering a computer-implemented hypertext system that includes, at least, display means, keyboard means, memory means, profile storage means and advisor means.

**COUNT ONE**

**INFRINGEMENT OF THE '542 PATENT**

37. IBM is the owner of all right, title and interest in the '542 patent. The '542 patent was duly and properly issued by the USPTO on June 7, 1994. The '542 patent was duly assigned to IBM. A copy of the '542 patent is attached hereto as Exhibit A.

38. In violation of 35 U.S.C. § 271, Amazon King Defendants have infringed and continue to infringe, in this district and elsewhere, the '542 patent by: (a) making, using, offering for sale or selling within the United States, or by importing into the United States, products or processes that practice inventions claimed in this patent; (b) inducing others to make,

use, offer for sale or sell within the United States, or import into the United States, products or

processes that practice inventions claimed in this patent; and/or (c) contributing to the making,

using, offering for sale or selling within the United States, or importing into the United States,

products or processes that practice inventions claimed in this patent.

39.     IBM has been damaged by the infringement of its '542 patent by Amazon King

Defendants and will continue to be damaged by such infringement.  IBM is entitled to recover

from Amazon King Defendants the damages sustained by IBM as a result of Amazon King

Defendants' wrongful acts.

40.     The continued infringement by Amazon King Defendants of the '542 patent is

deliberate and willful, entitling IBM to increased damages under 35 U.S.C. § 284 and to attorney

fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

41.     IBM has suffered and continues to suffer irreparable harm, for which there is no

adequate remedy at law, and will continue to do so unless Amazon King Defendants is enjoined

therefrom by this Court.

**COUNT TWO**

**INFRINGEMENT OF THE '891 PATENT**

42.     IBM is the owner of all right, title and interest in the '891 patent.  The '891 patent

was duly and properly issued by the USPTO on August 29, 1995.  The '891 patent was duly

assigned to IBM.  A copy of the '891 patent is attached hereto as Exhibit B.

43.     In violation of 35 U.S.C. § 271, Amazon Kaplan Defendants have infringed and

continue to infringe, in this district and elsewhere, the '891 patent by:  (a) making, using,

offering for sale or selling within the United States, or by importing into the United States,

products or processes that practice inventions claimed in this patent; (b) inducing others to make,

use, offer for sale or sell within the United States, or import into the United States, products or

processes that practice inventions claimed in this patent; and/or (c) contributing to the making,
using, offering for sale or selling within the United States, or importing into the United States,
products or processes that practice inventions claimed in this patent.

44.     IBM has been damaged by the infringement of its '891 patent by Amazon and
will continue to be damaged by such infringement.  IBM is entitled to recover from Amazon
Kaplan Defendants the damages sustained by IBM as a result of Amazon Kaplan Defendants'
wrongful acts.

45.     The continued infringement by Amazon Kaplan Defendants of the '891 patent is
deliberate and willful, entitling IBM to increased damages under 35 U.S.C. § 284 and to attorney
fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

46.     IBM has suffered and continues to suffer irreparable harm, for which there is no
adequate remedy at law, and will continue to do so unless Amazon Kaplan Defendants is
enjoined therefrom by this Court.

## RELIEF REQUESTED

Wherefore, IBM respectfully requests that this Court enter judgment against the
Defendants as follows:

A.     That each of the Patents in Suit is valid and enforceable;

B.     That the '542 patent has been infringed by each of the Amazon King Defendants;

C.     That the '891 patent has been infringed by each of the Amazon Kaplan
       Defendants;

D.     That infringement of the Patents in Suit has been willful;

E.     An injunction against further infringement of the Patents in Suit;

F.     An award of damages adequate to compensate IBM for the patent infringement
       that has occurred, together with pre-judgment interest and costs;

G.     An award of all other damages permitted by 35 U.S.C. § 284, including increased damages up to three times the amount of compensatory damages found;

H.     That this is an exceptional case and an award to IBM of its costs and reasonable attorneys' fees incurred in this action as provided by 35 U.S.C. § 285; and

I.      Such other relief as this Court deems just and proper.

February 20, 2007                                        Respectfully submitted,


                                                         /s/ Mark N. Reiter
                                                         Terence M. Murphy
                                                         Lead Attorney
                                                         State Bar No. 14707000
                                                         tmmurphy@jonesday.com
                                                         Mark N. Reiter
                                                         State Bar No. 16759900
                                                         mnreiter@jonesday.com
                                                         Hilda C. Galvan
                                                         State Bar No. 00787512
                                                         hcgalvan@jonesday.com
                                                         JONES DAY
                                                         2727 North Harwood Street
                                                         Dallas, Texas  75201
                                                         Telephone:  214-220-3939
                                                         Facsimile:  214-9695100

                                                         David L. Witcoff
                                                         Illinois State Bar No. 6183629
                                                         dlwitcoff@jonesday.com
                                                         JONES DAY
                                                         77 West Wacker
                                                         Chicago, Illinois  60601-1692
                                                         Telephone:  312-782-3939
                                                         Facsimile:  312-782-8585

                                                         ATTORNEYS FOR PLAINTIFF
                                                         INTERNATIONAL BUSINESS
                                                         MACHINES CORPORATION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have

consented to electronic service are being served with a copy of this document via the Court's

CM/ECF system per Local Rule CV-5(a)(3) on February 20, 2007.  Any other counsel of record

will be served by facsimile transmission and/or first class mail.

/s/ Mark N. Reiter